IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD RICHARD BURNS,
    #R33752
        Plaintiff,

vs.                                    Case No.: 3:11cv584/RV/EMT

WARDEN R. BURCH, ASST. WARDEN
R. TIFFT, CSO S. FENNIMORE, and
E. STINE,
        Defendants.
_____

## REPORT AND RECOMMENDATION

        This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's civil rights complaint (doc. 1). Leave to proceed in forma pauperis was granted, and the initial partial filing fee has been paid (docs. 12, 17). Upon review of Plaintiff's complaint, the court concludes that this case should be dismissed because Plaintiff has not stated and cannot state a plausible § 1983 claim against Defendants.

BACKGROUND AND PROCEDURAL HISTORY

        Plaintiff is an inmate in the custody of the Florida Department of Corrections ("DOC") who is currently housed at Santa Rosa Correctional Institution ("SRCI") (doc. 1). He names four Defendants in this action: SRCI Warden R. Burch; Assistant Warden R. Tifft; S. Fennimore, a "CSO Classification Officer"; and E. Stine, a clerk with the DOC's Bureau of Inmate Grievance Appeals (doc. 1 at 2–3). Plaintiff alleges that on September 24, 2011, his cell mate attempted to rape him while he was in a deep sleep (*id.* at 7). The sole basis for this assertion appears to be that Plaintiff woke up naked, and believes that his roommate removed his boxer shorts as Plaintiff slept (*id.*). Plaintiff does not allege that he woke up during the assault, that there was physical evidence of a sexual assault, or that he suffered any physical injury.

Plaintiff states he reported the attempted rape to S. Fennimore on September 24, 2011, and she forwarded his request to Colonel Peters for a response (doc. 1 at 7). As of the date Plaintiff filed the instant complaint, December 4, 2011, he had received no response (*id.*). Plaintiff notes that he filed an informal grievance with the SRCI medical department, which was referred to the Inspector General's Office for appropriate action but, similarly, Plaintiff received no response (*id.*). Plaintiff states he also filed a request for administrative remedy or appeal with Warden Burch or Assistant Warden R. Tifft, complaining that no one had taken his report seriously, but this request was denied (*id.* at 7–8). Plaintiff appealed to the DOC Central Office, and E. Stine denied his appeal (*id.* at 8). Plaintiff complains that the DOC's failure to take the alleged attempted rape seriously is a violation of the DOC's alleged policy of "zero tolerance" toward sexual assault and battery (*id.*).

In his Statement of Claims, Plaintiff does not list any federal statutory or Constitutional provisions. He asserts merely that the inmate orientation handbook and the "prison rape elimination act" have been violated, and he claims he fears for his life and fears being raped again (doc. 1 at 9). He seeks damages for pain and suffering because the DOC did nothing about the incident, as well as transfer from the DOC to a "state mental institution" (*id.*).[1]

## DISCUSSION

because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the

---

[1] On March 6, 2012, Plaintiff appeared to move to voluntarily dismiss his case (*see* doc. 20). Unsure of Plaintiff's true intent, the court directed him to clarify (doc. 21). Plaintiff filed a motion to withdraw his motion to dismiss shortly thereafter, and this motion was granted (docs. 22, 23).

plaintiff.  *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)).  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted.  Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).  As noted above, Plaintiff has cited no federal statutory or constitutional provisions that were violated by the actions of any of the named Defendants in this case.  And, Defendants' denial of Plaintiff's grievances does not state a constitutional claim.  *See* Lomholt v. Holder, 287 F.3d 683, 683 (8th Cir. 2002) (defendants' denial of plaintiff's grievances did not state

a substantive constitutional claim); Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989) (holding that prisoner failed to state a § 1983 claim against supervisory officials, where prisoner merely alleged the officials denied his grievance and did not allege they were personally involved in the alleged misconduct), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Grinter v. Knight, 532 F.3d 567 (6th Cir. 2008); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

Even if Plaintiff were able to state a constitutional claim, he would not be able to recover the damages he seeks, as his request for damages is precluded by subsection (e) of 42 U.S.C. § 1997e. This statute provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, No. 3:96cv580/LAC/SMN, 2000 WL 297840, at *10 (N.D. Fla. Jan. 12, 2000). Accordingly, a prisoner may not recover compensatory and punitive damages for mental or emotional injury absent a showing of more than de minimis physical injury. Here, there are no allegations of any physical injury, de minimis or otherwise, caused either by the alleged event that led up to Plaintiff's administrative complaints, or the Defendants' treatment of the administrative complaints. In fact, from the allegations in the complaint, it does not appear that Plaintiff can state with certainty that he was raped. Plaintiff refers in his complaint to both to an attempted rape and an actual rape, but, other than the fact that he woke up with out his boxer shorts on, he offers nothing that would support his allegation that an assault, whether attempted or otherwise, actually occurred. And, assuming for sake of argument that an assault had occurred, Defendants'

alleged failure to properly investigate Plaintiff's claims did not give rise to an independent physical injury and thus a basis for the recovery of compensatory damages.

Finally, to the extent that Plaintiff seeks "release" from the DOC and transfer to a "state mental institution" there is no factual or legal basis for the requested relief, and in any event the court does not have jurisdiction to order same in a § 1983 action.  *See* Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); Meachum v. Fano, 427 U.S. 215 (1976).

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005).  However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).  Amendment would be futile; therefore, the Court may dismiss this case without providing opportunity for amendment.

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 4th day of October 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**